FERNÁNDEZ, PLAINTIFF AND APPELLANT, *v.* ROSADO, DEFENDANT AND RESPONDENT.

APPEAL from the District Court of Arecibo in an action for the execution of a deed.

No. 1060.—Decided January 26, 1914.

APPEAL—JURISDICTION—AMOUNT IN LITIGATION.—In order that this court may have jurisdiction of an appeal in a case originating in a municipal court, the appellant must show affirmatively that the amount involved exceeds $300.

ID.—JURISDICTION—AMOUNT IN LITIGATION—CROSS-COMPLAINT.—This court is
   without jurisdiction of an appeal in a case originating in a municipal court
   where the contract price of a property was $225, according to the complaint,
   notwithstanding the fact that it was alleged in the answer and cross-complaint
   that the price of the property was $425, the district court having dismissed
   both the complaint and cross-complaint, the present value of the property not
   having been shown and the appeal having been taken to this court by the
   plaintiff.

The facts are stated in the opinion.

*Mr. Pedro González* for appellant.

*Mr. José S. Alegría* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

The complainant and appellant, Alejandro Fernández García, filed a suit in the Municipal Court of Manatí against Ramón Rosado, for the execution of a deed for the sale of a lot in Barceloneta, in the District of Arecibo. The agreement for the sale, according to the complainant, was made in 1909, and the price agreed upon was $225. At various times thereafter, as alleged in the complaint, the complainant paid the defendant the total sum of $302.75, leaving a balance of $22.75. The complainant alleged that he had tendered this balance and that he tendered it again in the suit, and he prayed that defendant be ordered to make a deed for the sale. The defendant in his answer admitted the agreement of sale, but denied that the purchase price was $225. He also filed a cross-complaint claiming the sum of $425 as the purchase price, and asking that the complainant be ordered to pay the whole sum, the defendant not admitting that any part of the same had been paid him.

The District Court of Arecibo dismissed both the complaint and the cross-complaint.

In order that this court may obtain jurisdiction on appeal where the case originates in a municipal court, the amount involved must exceed $300. Section 295, Code of Civil Procedure, as amended by the Laws of 1905, p. 137. Not only is this so but the appellant is bound to show affirmatively that the amount involved exceeds $300 in order that this court may acquire jurisdiction.

This appeal, so far as the jurisdictional sum is concerned, only involves the value of the house. The fact that the defendant filed a cross-complaint alleging the value of the house as $425 and demanding the payment of the same makes no difference inasmuch as the District Court of Arecibo dismissed the cross-complaint. The complaint alleges that the purchase price of the house in 1909 was $225. Respondent in his answer alleges that it was worth $425. While the property may have increased in value since 1909 and be worth more than $300 today, yet the complaint did not allege such fact, nor did the proof show it, the controversy in the district court being waged over the stipulated purchase price.

There is nothing before us to show that the jurisdictional sum is involved and the appeal must be dismissed.

*Appeal dismissed for lack of jurisdiction.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.